United States District Court
Middle District of Florida
Jacksonville Division

**ANDREW H. RETZER,**

    *Plaintiff,*

v.                                                                                          **NO. 3:19-cv-848-J-34PDB**

**FRANK BRADSHAW & SHARON BRADSHAW,**

    *Defendants.*

## Report and Recommendation

Andrew Retzer, proceeding without a lawyer, initiated this case on July 19, 2019, by filing a two-page letter addressed to the Court. He did not pay any of the $400 filing fee or move to proceed in forma pauperis.

In an August 12, 2019, order, I directed him—by September 6, 2019—to (1) pay the $400 fee or complete and file an attached application to proceed in forma pauperis, and (2) file a complaint that complies with the Federal Rules of Civil Procedure and Local Rules (observing that, to the extent he seeks to sue his wife's parents for allowing her to commit crimes and for not hospitalizing her, it is unlikely the Court has subject-matter jurisdiction over any claim). Doc. 3. I explained that, if he failed to timely comply with that order, I would recommend dismissal of the action without prejudice. Retzer has filed nothing, and the deadline has passed.

Under the authority "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," a district court has the inherent power to dismiss a case for lack of prosecution or failure to obey a court order. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *West v. Peoples*, 589 F. App'x 923, 928 (11th Cir. 2014). Dismissal with prejudice for failure to prosecute is warranted only if there is a "clear record of delay or contumacious conduct." *Morewitz*

2

*v. W. of England Ship Owners Mut. Protection & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).

Here, Retzer has not prosecuted the case and has shown no reason why the Court should not dismiss the case for failure to follow the Court's order, Doc. 3, or otherwise prosecute the case. I therefore recommend **dismissal**. Because there is no clear record of delay or contumacious conduct, I recommend that the dismissal be without prejudice.*

**Done** in Jacksonville, Florida, on September 16, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Andrew H. Retzer
    8439 Frost St. N.
    Jacksonville, FL 32221

---

*"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

3